IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, | § § § | |
| PLAINTIFF, | § § | |
| V. | § § § | |
| RAYNA JANE GUIDRY; HAZEL MARIE JOHNSON; ANITA GAYLE BARNES; AND CHRISTOPHER BELLOW, | § § § § § | CIVIL ACTION NO. 3:20cv106 |
| DEFENDANTS. | § § | |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE COURT:

Plaintiff Allstate Vehicle and Property Insurance Company ("Allstate") files this its Original Complaint for Declaratory Judgment, seeking a judicial declaration that it has no duty to defend or to indemnify Defendant Christopher Bellow under his Allstate homeowners policy for the claims asserted against him in a pending state court lawsuit filed by Defendants Rayna Jane Guidry, Hazel Marie Johnson and Anita Gayle Barnes or to pay any policy proceeds to those Defendants.  Allstate submits that it is entitled to this declaratory relief because the factual allegations in the current pleading filed in that lawsuit negate coverage based on the unambiguous exclusion in the Allstate policy eliminating liability coverage for any claim "arising out of the…use…of any motor vehicle…"  In support of the relief requested, Allstate would respectfully show the Court the following:

### I.

### PARTIES

1.   Plaintiff Allstate is incorporated and has its principal place of business in Illinois.  Therefore, Allstate is a citizen of the State of Illinois for all purposes pursuant to 28

U.S.C. § 1332(c)(1) and is not a resident of Texas for purposes of determining diversity of citizenship. Allstate is authorized to do business in Texas.

2. Defendant Rayna Jayne Guidry is an individual who resides in Galveston County, Texas. Upon information and belief, based on the current pleading in the underlying lawsuit, Ms. Guidry may be served with process at her last known address at 1714 North 23rd Avenue, Texas City, Texas 77590 or wherever else she may be found. Allstate requests service on Ms. Guidry personally or through her attorneys of record, Darrell A. Apffel or D. Blake Apffel, Apffel Legal, PLLC, 1100 Gulf Freeway, Suite 100, League City, Texas 77573, either as Ms. Guidry's agent for service or, after the requisite showing, as a reasonably effective means of providing Ms. Guidry with notice of this suit. Fed. R. Civ. P. 4(e)(1); Tex. R. Civ. P. 106; *see also Leach v. City Nat'l Bank of Laredo*, 733 S.W.2d 578, 580 (Tex. App.—San Antonio 1987, no writ). Allstate will seek to serve Ms. Guidry first through her attorneys and will request other service if counsel decline or are not authorized to accept service on her behalf.

3. Defendant Hazel Marie Johnson is an individual who resides in Galveston County, Texas. Upon information and belief, based on the current pleading in the underlying lawsuit, Ms. Johnson may be served with process at her last known address at 1714 North 23rd Avenue, Texas City, Texas 77590 or wherever else she may be found. Allstate requests service on Ms. Johnson personally or through her attorneys of record, Darrell A. Apffel or D. Blake Apffel, Apffel Legal, PLLC, 1100 Gulf Freeway, Suite 100, League City, Texas 77573, either as Ms. Johnson's agent for service or, after the requisite showing, as a reasonably effective means of providing Ms. Johnson with notice of this suit. Fed. R. Civ. P. 4(e)(1); Tex. R. Civ. P. 106; *see also Leach v. City Nat'l Bank of Laredo*, 733 S.W.2d 578, 580 (Tex. App.—San Antonio 1987, no writ). Allstate will seek to serve Ms. Johnson first

through her attorneys and will request other service if counsel decline or are not authorized to accept service on her behalf.

4. Defendant Anita Gayle Barnes is an individual who resides in Galveston County, Texas. Upon information and belief, based on the current pleading in the underlying lawsuit, Ms. Barnes may be served with process at her last known address at 1714 North 23rd Avenue, Texas City, Texas 77590 or wherever else she may be found. Allstate requests service on Ms. Barnes personally or through her attorneys of record, Darrell A. Apffel or D. Blake Apffel, Apffel Legal, PLLC, 1100 Gulf Freeway, Suite 100, League City, Texas 77573, either as Ms. Barnes's agent for service or, after the requisite showing, as a reasonably effective means of providing Ms. Barnes with notice of this suit. Fed. R. Civ. P. 4(e)(1); Tex. R. Civ. P. 106; *see also Leach v. City Nat'l Bank of Laredo*, 733 S.W.2d 578, 580 (Tex. App.—San Antonio 1987, no writ). Allstate will seek to serve Ms. Barnes first through her attorney and will request other service if counsel decline or are not authorized to accept service on her behalf.

5. Defendant Christopher Bellow is an individual who also resides in Galveston County, Texas. Upon information and belief, Mr. Bellow may be served with process at the address listed on his homeowners policy, 8006 Big Oak Drive, Texas City, Texas 77591-2571 or wherever he may be found. Allstate requests service on Mr. Bellow at that address.

## II.

### JURISDICTION AND VENUE

6. This Court has jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. § 1332 in that the suit is a civil action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs. In the pending state court action, Ms. Guidry, Ms. Johnson and Ms. Barnes seek monetary relief in excess of $1 million. The liability limit under the Allstate homeowners policy is $100,000. Courts consider such pleaded damages and policy limits when determining whether the "amount in controversy" requirement is satisfied. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (amount in controversy determination includes policy limits and potential damages). Thus, the minimum jurisdictional limits exist in this case.

7. There is an actual controversy between Allstate, on the one hand, and Ms. Guidry, Ms. Johnson, Ms. Barnes and Mr. Bellow, on the other hand, for purposes of 28 U.S.C. § 2201 because of the reserved coverage dispute between Allstate and Mr. Bellow and because Ms. Guidry, Ms. Johnson and Ms. Barnes are potential third-party beneficiaries to the Allstate liability policy. *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *see also Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000); *Dairyland Ins. Co. v. Makover*, 654 F.2d 1120, 1123–25 (5th Cir. 1981). The coverage disputes for both the duty to defend and the duty to indemnify are justiciable at this time, despite the absence of a judgment against Mr. Bellow, because the same reasons that negate the duty to defend eliminate any possibility that Allstate will ever have a duty to indemnify Mr. Bellow. *See, e.g., Northfield Ins. Co. v. Herrera*, 751 Fed. Appx. 512, 517 (5th Cir. 2018) (citing *Farmers Texas Co. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997) (per

curium)); *LCS Corrections Services, Inc. v. Lexington Ins. Co.*, 800 F.3d 664, 669 (5th Cir. 2015).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Allstate homeowners policy that is the subject of this action was issued to Christopher A. and Shawnceah Bellow in this District and all of the events made the basis of the pending state court action against Mr. Bellow occurred in this District. Further, Ms. Guidry's, Ms. Johnson's and Ms. Barnes's lawsuit against Mr. Bellow is pending in a Texas state court located in this District, and Allstate currently is defending Mr. Bellow in that state court action pursuant to a full reservation of its rights, including the right to bring this declaratory judgment action.

### III.

### DECLARATORY JUDGMENT ACTION

9. Allstate brings this declaratory judgment action under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 for the purpose of determining actual controversies between the parties, as described below. The controversies exist as a result of the claims asserted in the case styled *Rayna Jane Guidry; Hazel Marie Johnson; and Anita Gayle Barnes v. Texas Gulf Coast Holdings I L.P.; Texas Gulf Coast Management L.P.; Richard Mallery; Christopher Bellow; and Lonnie Wiles*; Cause No. CV-0080419; currently pending in the Galveston County Court at Law No. 1 (the "Underlying Lawsuit").

10. Texas law applies because Allstate issued the homeowners policy to citizens and inhabitants of Texas, and Allstate is authorized to do and is doing business in Texas. *See Millis Dev. & Const., Inc. v. America First Lloyd's Ins. Co.*, 2011 WL 3567331, at *7 (S.D. Tex. Aug. 12, 2011). "This is a diversity suit, so Texas law controls." *State Farm Lloyds v. Richards*, 784 Fed. Appx. 247, 250 (5th Cir. 2019). Under Texas law, the

"complaint allegation rule" or the "eight corners rule" applies to determine whether a carrier has a duty to defend claims asserted against an insured. *See, e.g., Id.; Star-Tex Resources, L.L.C. v. Granite State Ins. Co.*, 553 Fed. Appx. 366, 369 (5th Cir. 2014); *Ace American Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 839-40 (5th Cir. 2012).

11. Allstate has no duty to defend or to indemnify an insured where it meets its burden to prove "that the plain language of a policy exclusion or limitation allows the insurer to avoid coverage of all claims, also within the confines of the eight-corners rule." *Star-Tex Resouces*, 533 Fed. Appx. at 369 (quoting *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 528 (5th Cir. 2004)); *see also, e.g., Richards*, 784 Fed. Appx. at 251; *Ewing Const. Co., Inc. v. Amerisure Ins. Co.*, 420 S.W.3d 30, 33 (Tex. 2014). In other words, Allstate "does not have a duty to defend when the complaint make allegations which, if proven, would place the plaintiff's claim within an exclusion from coverage." *Simco Enterprise, Ltd. v. James River Ins. Co.*, 566 F. Supp. 2d 555, 564 (E.D. Tex. 2008); *see also Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 644-45 (Tex. 2005) (holding that no duty to defend existed under homeowners policy where factual allegations triggered exclusion in that policy).

## IV.

### THE UNDERLYING ACTION

12. The current pleading in the Underlying Lawsuit is Plaintiffs' First Amended Petition & Request for Disclosure (the "Petition"). That pleading alleges that Ms. Guidry was driving a vehicle when she struck a horse that had entered the roadway, further alleging that the horse was owned and/or managed by individuals including Mr. Bellow. (Petition ¶ 16).

13. Moreover, the Petition states that the horse escaped from property located at 3602 Loop 197 N. Texas City, Texas, property alleged to have been owned and/or managed by the listed parties, including Mr. Bellow. (Petition ¶ 16). This property is not the insured property under the Allstate homeowners policy, which insures the Bellows' property at 8006 Big Oak Drive in Texas City, Texas.

14. The Petition as filed in the Underlying Action further alleges that the vehicle Ms. Guidry was driving at the time of the accident was owned by Ms. Johnson and Ms. Barnes and was destroyed in the collision with the horse. (Petition ¶ 17).

## V.

### THE ALLSTATE HOMEOWNERS POLICY

15. The homeowners policy that Allstate issued to Christopher A. Bellow and Shawnceah Bellow extends liability coverage to "an insured person," which the policy defines to include Mr. Bellow as a named insured.

16. However, Exclusion 5 of the Allstate homeowners policy eliminates liability insurance coverage for any "bodily injury or property damage arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any motor vehicle or trailer." None of the eight listed exceptions to this exclusion revives coverage.

## VI.

### GROUNDS FOR DECLARATORY RELIEF

17. Exclusion 5 eliminates liability coverage for the bodily injury and property damage claims against Mr. Bellow in the Underlying Lawsuit because those claims arise out of the "use" of "any" motor vehicle.

18. Under Texas law, "arising out of" is construed quite broadly to mean "there is simply a 'causal connection or relation,' ... which is interpreted to mean that there is but for

7

causation, though not necessarily direct or proximate causation." *Utica Nat'l Ins. Co. of Tex. v. Am. Indem. Co.*, 141 S.W.3d 198, 203 (Tex. 2004) (citing *Mid-Century Ins. Co. of Tex. v. Lindsey*, 997 S.W.2d 153, 156 (Tex. 1999)). Such a connection exists here because no claim in the Underlying Lawsuit exists but for the use of a vehicle. The requisite connection between the excluded event (the use of a vehicle) and the bodily injury and property damage claims in the Underlying Lawsuit exists for reasons similar to those in a decision enforcing a motor vehicle exclusion to preclude any duty to indemnify in *Employers Mutual Casualty Co. v. St. Paul Insurance Co.*, 154 S.W.3d 910 (Tex. App.—Dallas 2005, no pet.).

19. The underlying lawsuit in *Employers Mutual* involved claims against a road construction contractor for injuries resulting when the claimant struck a subcontractor's supply truck/crash truck stopped in the road to divert traffic. The governing exclusion applied only to bodily injuries "that result from" another insured's use of a vehicle, arguably narrower than the "arising from" language in the Allstate motor vehicle exclusion. *See Utica National*, 141 S.W.3d at 203 (interpreting the phrase "due to" as narrower than the phrase "arising out of" to require "a more direct type of causation"). The claimant argued that the auto exclusion did not apply because the claim was for the insured contractor's "failure to use appropriate warning systems to safely guide the traffic around the work zone," not the operation or use of any vehicle. 154 S.W.3d at 914. Despite these allegations of separate negligence on the part of the insured contractor, the Court concluded that the motor vehicle exclusion applied because the injury resulted from the vehicle use. 154 S.W.3d at 916.

20. The Texas Supreme Court confirmed the broad construction of the phrase "arising out of" and the rather insignificant relationship needed between the vehicle use and the damages sought for the requisite causal connection in enforcing a similar motor vehicle exclusion in a CGL policy. *See Mid-Continent Cas. Co. v. Global Enercom Mgmt., Inc.*,

323 S.W.3d 151, 155 (Tex. 2010). In the underlying tort lawsuit, the estates of three workers sued the insured when a rope attached on one end to the front bumper of a Ford F-250 truck and on the other end to a headache ball on which the workers were standing broke, causing the workers to fall to their deaths. Concluding that the deaths "arose out of" the use of the motor vehicle despite the argument that the broken rope was the cause of the injuries, not the use of the pickup, the Court explained that the deaths would not have occurred "but for" the use of the vehicle. 323 S.W.3d at 156.

21.  Enforcing the motor vehicle exclusion to negate liability coverage for Mr. Bellow is further mandated by the Fifth Circuit's decision in *Salcedo v. Evanston Ins. Co.*, 426 Fed. Appx. 487 (5th Cir. 2012). The bodily injury claimant in that lawsuit was injured when a hose attached from the plant's asphalt reservoir to an oil truck ruptured while he was uploading oil from the truck to the reservoir, causing significant burn injuries. The carrier denied liability coverage based on the motor vehicle exclusion in the CGL policy that eliminated coverage for a bodily injury arising out of the use of any vehicle. Initially, the Fifth Circuit held that the unambiguous policy language "does not require that the insured do anything with the auto for the exclusion to apply," as the plain meaning of the policy language did not require any such activity. 426 Fed. App. at 489-90. Citing *Global Entercom*, the Court further held that the use of the oil truck contributed to the injury, triggering the exclusion. 426 Fed. App. at 490 (citing *Global Entercom*, 323 S.W.3d at 156).

22.  Significantly, the Fifth Circuit commented that this broad motor vehicle exclusion was incorporated as a result of an endorsement that changed the original exclusion, which eliminated insurance coverage only for a bodily injury "arising out of the…use…of any…'auto'…*owned or operated by or rented or loaned to any insured*." 462 Fed. Appx. at 488 (emphasis supplied by Court). Despite the broader endorsement

9

language, the claimant argued that "the insured…must have been the one [using the truck] in order for the auto exclusion to apply." 462 F. Appx. at 489. In rejecting this argument and enforcing the exclusion, Court explained that:

> [T]he relevant terms of the policy are not ambiguous—they simply state that injuries arising from the use of an [sic] any auto…are excluded from coverage. The policy does not require that the insured do anything with the auto for the exclusion to apply. The policy thus must be accorded its plain meaning.

462 Fed. Appx. at 489-90 (citation omitted). The Court also rejected the argument that "Texas law itself restricts policy exclusions to acts of the insured." 462 Fed. Appx. at 490. For precisely these same reasons, no liability coverage exists under the Allstate homeowners policy because all of the claims in the Underlying Lawsuit arose out of the use of "any motor vehicle," even though the claim did not result from Mr. Bellow's use of any vehicle.

23. Enforcing the motor vehicle exclusion to preclude homeowners coverage also is consistent with and, indeed, is mandated by established policy construction rules in Texas. First: "The parties' intent is governed by what they said in the insurance contract, not by what one side or the other alleges they intended to say but did not." *Gilbert Texas Construction, L.P. v. Underwriters at Lloyd's London*, 327 S.W.2d 118, 127 (Tex. 2010) (citations omitted). Also, an insured's asserted reasonable expectations of coverage do not create an ambiguity. *RLI Insurance Co. v. Gonzalez*, 2011 WL 69085, at *2 (5th Cir. Jan 7, 2011) (citation omitted); *see also, e.g., USAA Texas Lloyd's Co. v. Doe*, 2017 WL 2791327, at *6 (Tex. App.—San Antonio June 28, 2017, pet. Denied) ("we interpret the language of an insurance policy by its plain and ordinary meaning," not "how a reasonable person would interpret the policy" or an insured's reasonable expectations of

coverage). These rules require enforcing the motor vehicle exclusion for claims that would not exist but for the use of "any" motor vehicle.

24. Decisions from other jurisdictions applying these same rules of construction agree that no insurance coverage exists under the broader motor vehicle exclusion in the Allstate homeowners policy. An example is the decision of the Michigan Supreme Court in *Allstate Ins. Co. v. Keillor*, 537 S.W.2d 589 (Mich. 1995). That decision involved a claim against a homeowner for serving alcohol at a party. One of the inebriated guests at the party was later involved in an automobile collision. The injured claimant argued that the exclusion was ambiguous as to whether it applied only to accidents resulting from the insured's use of a vehicle or, rather, to anyone's use of any vehicle. The Court concluded that the exclusion was unambiguous and "plainly states that the homeowner's coverage does not extend to personal injury or property damage arising out of the use or operation of any motor vehicle." 537 N.W.2d at 420. As in *Salcedo*, the Court contrasted the broad language of this exclusion with one considered in an earlier case that "included the words 'owned or operated by…any Insured'" after "motor vehicle." 537 N.W.2d at 420 n.5. That language was "narrower…than the exclusion in this case because this exclusion is not contingent on the ownership or use of the motor vehicle by an insured. It applies to any motor vehicle." *Id*.

25. Other decisions support this construction of the broad language in this motor vehicle exclusion when utilizing the precepts for construing unambiguous policy language as in Texas. *See, e.g., American Alternative Ins. Corp. v. Goodwill of the Olympics and Ranier Region*, 2020 WL 236759, at *3-*4 (W.D. Wash. Jan. 15, 2020)

11

(enforcing "plain language" of similarly broad motor vehicle exclusion that "does not distinguish between injuries based on who owned or was in control of the automobile," as proposed qualification "does not exist in the explicit language of the exclusion"); *Countryway Ins. Co. v. Slaugenhoup*, 360 Fed. Appx. 348, 350-51 (3d Cir. 2010) (the policy "did not identify a specific person whose vehicle use would trigger the exclusion because it did not intend to limit the exclusion based on the identity of the user"); *Allstate Property and Casualty Ins. Co. v. Filachek*, 2011 WL 2111219, at *4 (E.D. Pa. May 25, 2011) (exclusion applies even where insured did not own or use motor vehicle because coverage is excluded for any damage "arising out of anyone's use of a vehicle"); *Sauls v. Allstate Property & Cas. Ins. Co.*, 757 S.E.2d 455 (Ga. App. 2014) (enforcing homeowners exclusion because express terms included no "limitation as to the actor" who must be using the motor vehicle for the exclusion to apply); *Barber v. Lee*, 597 So.2d 1163, 1166 (La. Ct. App. 1992) (holding that the "argument that the motor vehicle being used must also be owned by the insured is clearly not supported by the language of [the] policy, which excludes coverage for accidents resulting from the use of *any* motor vehicle, whether owned or non-owned") (emphasis in original)).

26. There is no duty to indemnify Mr. Bellow or to pay any policy benefits to the other Defendants for precisely the same reason there is no duty to defend Mr. Bellow. *See Nutmeg Ins. Co. v. Clear Lake City Water Authority*, 229 F. Supp. 2d 668, 676 (S.D. Tex. 2002) (citing *Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997)). No facts can be developed in the Underlying Lawsuit to support any claim that did not "arise out of" the use of "any" motor vehicle, warranting the declaratory relief requested. *Herrera*, 751 Fed. App. at 517.

27.     The absence of any indemnification obligation is confirmed by the Fifth Circuit's decision in *Star-Tex Resources*.  After concluding that the auto exclusion applied to bar any duty to defend, the Court granted the carrier's motion for summary judgment and denied any separate contractual duty to indemnify.  553 Fed. Appx. at 373 (citation omitted).  Quoting from its earlier decision in *Northfield Ins. Co. v. Loving Home Care, Inc.*, which in turn quoted from the Texas Supreme Court's decision in *Griffin*, the Fifth Circuit in *Star-Tex Resources* ruled that generally "Texas law only considers the duty-to-indemnify question justiciable after the underlying suit is concluded, unless '*the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify.*'"  *Id.* (quoting *Northfield*, 363 F. 3d at 529, quoting *Griffin*, 955 S.W.2d at 84) (emphasis supplied by Court in *Northfield*).  Here, the same reasons that negate the duty to defend – the applicability of the motor vehicle exclusion – likewise eliminate any possibility that Allstate will ever have a duty to indemnify Mr. Bellow.  As a result, the motor vehicle exclusion also eliminates any duty to indemnify Mr. Bellow.

WHEREFORE, Plaintiff Allstate Vehicle and Property Insurance Company respectfully requests that Defendants be cited to appear and answer herein; that the Court thereafter enter a declaratory judgment determining that Allstate has no duty under the homeowners policy to defend Mr. Bellow in the Underlying Lawsuit or to pay any policy proceeds to Ms. Guidry, Ms. Johnson and Ms. Barnes for any damages they might be awarded in the Underlying Lawsuit; and that Allstate recover such other and further relief that the Court deems just and proper.

Respectfully submitted,

*/s/ Ronald J. Restrepo*
Ronald J. Restrepo
State Bar No. 16791300
Federal I.D. No. 920
rrestrepo@drhrlaw.com
**DOYLE, RESTREPO, HARVIN & ROBBINS, LLP**
440 Louisiana, Suite 2300
Houston, Texas 77002
(713) 228-5100 Telephone
(713) 228-6138 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFF, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**